DICKSON, CLARK & Co. v. H. CULP et al.

ATTACHING CREDITOR OF FRAUDULENT VENDEE. *Not defeated by rights of Vendor. When.* Where a sale of goods is procured by fraud of the vendee, title passes, though it may be subject to the rights of the vendor to avoid the sale. But if a creditor of the vendee attach the goods before the vendor has taken any steps to avoid the sale, he cannot be deprived of the proceeds arising out of a sale under the attachment by the vendor.

FROM PERRY.

Appeal from the Chancery Court. G. H. NIXON, Chancellor.

J. M. PORTERFIELD for complainant.

JOHN A. PITTS for defendant.

McFARLAND, J., delivered the opinion of the court.

The argument for the complainants is earnest and plausible, but we are of opinion that the decree of the chancellor is right.

After the sale by the complainants to Watson, Culp caused the goods to be attached in an attachment proceeding instituted by him against Watson, and under orders which we must presume to have been proper, nothing else appearing, they were sold, to whom does not appear, but it does appear that they were not purchased by Culp. All this without any fraud or collusion upon the part of Culp, or any knowledge upon his part of the fraud of Watson in

the original purchase. After this the complainants file this bill, in which they charge that Watson procured them to sell him the goods by fraud, and it is insisted that they are entitled to the proceeds of the sale of the goods, which were still under the control of the court at the filing of the bill.

The facts as to the precise attitude of Culp's attachment proceeding are very imperfectly stated; in fact, nothing else appearing than as above stated. Admitting that the complainants have the right to avoid their sale to Watson, and recover the goods from him or from any one to whom he might have transferred them for a pre-existing debt, or that they might recover the proceeds of the goods from Watson or any one to whom the proceeds had been transferred without paying any new consideration therefor—that is for a pre-existing debt—still we think the complainants cannot recover. Culp's proceeding was rightfully instituted. The title to the goods when attached was in Watson. The sale was valid and passed the title, and the purchaser now holds them, as is not denied, at least no effort is made to recover the goods of the purchaser or purchasers. They are not made parties. This being so, it seems to me that it necessarily follows that the proceeds of the sale cannot now be taken from Culp, assuming that he is entitled to such proceeds as against Watson. His rights were fixed by the institution of his suit and the levy of his attachment, and must be adjudged upon the state of the case then existing. The complainants' contract with Watson was only avoided upon the filing of their bill.

This did not relate back so as to release or avoid the effects of the levy under Culp's attachment or the sale thereunder. In other words, to hold for the complainants would be to hold that Culp's proceeding was rightfully instituted, his attachment properly levied upon goods of his debtor, Watson, the sale regularly made passing the title, but that he shall not receive the fruits of his litigation; that the proceeds shall be given to the complainants, whose title to the property is conceded to be lost by virtue of Culp's proceeding, and yet Culp to be turned out of court to pay the costs and expenses of his litigation. It seems to us that if we hold that the proceeds of the sale of these goods may now be given to the complainants in disregard of the rights of Culp, that it would also follow that the complainants would be entitled to recover the money from Culp, even though it had been paid to him under the decrees of the court. His rights do not depend upon the date of the decree or judgment in his favor, but his rights are fixed by the institution of his suit and levy of his attachment. Of course it would be different if the property attached were taken by a superior title. Had Culp purchased these goods from Watson for a pre-existing debt, the complainants might have recovered the goods. This would have left Culp in no worse attitude than before, but now to take the proceeds from him would leave him to pay his costs and counsel fees.

Culp's rights depend not upon a purchase from Watson, but upon the effect of judicial proceeding rightfully instituted.

It has been held that where property has been transferred with intent to hinder and delay creditors, the creditors of the fraudulent vendee not participating in the fraud may, by first causing the property to be taken in execution against the fraudulent vendee, acquire superior rights to the creditors of the fraudulent vendor. The principle here is analagous to some extent, the difference being that here the complainants sold the goods to the debtor, but the complainants here, as well as the creditors of the fraudulent vendor in the case referred to, each seek to predicate their right upon avoiding a contract which, as to themselves, they had the right to avoid, but before they had done so the creditors of the debtor and fraudulent purchaser had seized the goods by execution or attachment.

Again, Watson held the title to the goods at the time they were attached, subject it may be to be defeated at the election of complainants, but until this election was made his title was clear. This was certainly a title which might be attached and sold; the purchaser would certainly get the title Watson had. If it be even conceded that the purchaser took this title subject to be defeated at the election of complainants, it was still good for the time and might never be defeated. The purchaser in this view would purchase at his own risk, and in this view the attaching creditor would clearly be entitled to the proceeds, and the complainants' rights, if any, would be to recover the goods and not the proceeds of their sale.

Decree affirmed with costs.